**Marvin Dowen REID, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General of the United States, Respondent.**

**Docket No. 06–0918–ag.**

United States Court of Appeals, Second Circuit.

Submitted: Feb. 22, 2007.

Decided: Feb. 28, 2007.

Israel Arana, Coral Gables, FL, for Petitioner.

Monica J. Richards, Assistant United States Attorney (Terrance P. Flynn, United States Attorney, on the brief), United States Attorney's Office for the Western District of New York, Buffalo, NY, for Respondent.

Before KEARSE, CABRANES, and KATZMANN, Circuit Judges.

PER CURIAM.

Petitioner Marvin Dowen Reid, through counsel, seeks review of an order of the Board of Immigration Appeals ("BIA") affirming an order of Immigration Judge ("IJ") Michael Rocco that (1) found petitioner inadmissible under 8 U.S.C.

§ 1182(a)(2)(A)(i)(II) because he had been convicted of a violation of a law relating to a controlled substance;[1] (2) found petitioner ineligible for cancellation of removal as a permanent resident under 8 U.S.C. § 1229b(a),[2] in part because, pursuant to 8 U.S.C. § 1229b(d)(1),[3] commission of the underlying offense in August 2000 terminated petitioner's period of continuous residence in the United States before he had accrued the seven years necessary for a grant of relief; and (3) ordered petitioner removed to Jamaica. *In re Reid,* No. A 29 689 332 (B.I.A. Feb. 1, 2006), *aff'g* No. A 29 689 332 (Immig. Ct. Buffalo Nov. 1, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Petitioner's counsel presents this Court with a series of sparse and unsupported arguments challenging the BIA's determination that petitioner was ineligible for cancellation of removal because he could not establish seven years' continuous residence between his earliest lawful date of entry into the United States and the date he committed the offense underlying the conviction rendering him removable.[4] Because these arguments regarding petitioner's lack of seven years' continuous residence are without merit, we need not address whether petitioner is also ineligible for cancellation of removal as having been convicted of an aggravated felony.

■ First, petitioner's counsel claims it was a violation of due process (1) that the notice to appear served on petitioner "gives as a basis for charging him with having violated any controlled substance law the fact that he was *convicted* ... on two marihuana charges" but "[n]owhere ... state[s] that the basis for the controlled substance charge is the date of the offense," and (2) that the IJ suggested at the Master Calendar Hearing that peti-

1. "[A]ny alien convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of ... a violation of ... any law or regulation of a State, the United States, or a foreign country relating to a controlled substance ... is inadmissible." 8 U.S.C. § 1182(a)(2)(A)(i)(II).

2. 8 U.S.C. § 1229b(a) provides:
   The Attorney General may cancel removal in the case of an alien who is inadmissible or deportable from the United States if the alien-
   (1) has been an alien lawfully admitted for permanent residence for not less than 5 years,
   (2) has resided in the United States continuously for 7 years after having been admitted in any status, and
   (3) has not been convicted of any aggravated felony.

3. 8 U.S.C. § 1229b(d) sets forth "[s]pecial rules relating to continuous residence or physical presence." In pertinent part it states:
   For purposes of this section, any period of continuous residence or continuous physical presence in the United States shall be deemed to end (A) ... when the alien is served a notice to appear under section 1229(a) of this title, or (B) when the alien has committed an offense referred to in section 1182(a)(2) of this title that renders the alien inadmissible to the United States under section 1182(a)(2) of this title or removable from the United States under section 1227(a)(2) or 1227(a)(4) of this title, whichever is earliest.
   8 U.S.C. § 1229b(d)(1). This provision is commonly referred to as the "stop-time rule." *See Tablie v. Gonzales,* 471 F.3d 60, 62 (2d Cir.2006).

4. Petitioner's counsel asks us to note that, given more time between petitioner's Master Calendar Hearing and subsequent removal proceedings, he would have raised additional issues regarding petitioner's inadmissibility under 8 U.S.C. § 1182(a)(2)(A)(i)(II) that were ultimately not raised before the IJ. Petitioner's counsel never presented these issues to the BIA on appeal and does not actually challenge petitioner's inadmissibility before this Court.

tioner had satisfied the seven years' continuous residence requirement for a grant of cancellation of removal, so petitioner's counsel was not prepared to argue the issue when it was raised again during further proceedings. Pet'r Br. 8–10. With respect to the argument concerning purported deficiencies in the notice to appear, petitioner's counsel confuses the grounds for the charges brought against petitioner under 8 U.S.C. § 1182(a)(2)(A)(i)(II) with the reasons petitioner was ineligible for discretionary relief from removal under 8 U.S.C. § 1229b(a). At no point did the IJ or BIA suggest that petitioner's inadmissibility turned on anything other than the convictions alleged in the notice to appear, and petitioner's counsel provides no support for the implied proposition that a notice to appear must contain an analysis of whether an alien would be eligible for various forms of discretionary relief if deemed removable. *See Brown v. Ashcroft*, 360 F.3d 346, 351 (2d Cir.2004) ("[W]e agree with the Fifth Circuit that '[t]here is no requirement, either statutory or constitutional, that all possible defenses or collateral remedies be explained' to the alien against whom the government is proceeding." (quoting *Aalund v. Marshall*, 461 F.2d 710, 712 (5th Cir.1972)) (second alteration in original)). With respect to the argument that the IJ thwarted the ability of petitioner's counsel to prepare for a discussion of the seven years' continuous residence issue, the BIA correctly pointed out that petitioner's counsel did not—and does not before this Court—dispute any of the facts bearing upon that issue. Whatever objections petitioner's counsel had to the IJ's legal conclusion regarding when 8 U.S.C. § 1229b(d)(1) terminates an alien's continuous residence could have been raised before the BIA and before this Court. We therefore fail to see how petitioner "was prevented from reasonably presenting his case." Pet'r Br. 11

(citing *In re Lozada*, 19 I & N Dec. 637, 638 (BIA 1988)).

■ Second, petitioner's counsel appears to argue that petitioner's case falls outside the holding of *In re Perez*, 22 I & N Dec. 689 (BIA 1999), in which the BIA concluded that the "stop-time rule" provided for by 8 U.S.C. § 1229b(d)(1) terminates an alien's period of continuous residence for the purpose of cancellation of removal at the time an alien commits an offense referred to in 8 U.S.C. § 1182(a)(2), not at the time the alien is convicted of that offense, *see Perez*, 22 I & N Dec. at 700 ("The language chosen by Congress directs that an alien cease accruing the time required to establish eligibility for the relief of cancellation of removal at the point where he or she abuses the hospitality of this country by committing one of the designated offenses, so long as the offense subsequently renders the alien inadmissible or removable."). We find nothing in that decision or in petitioner's circumstances that raises any doubt as to the applicability of *In re Perez* to petitioner's offense in August 2000. Indeed, *In re Perez* involved an alien convicted of a controlled substance violation. *See id.* at 690. Moreover, this Court has itself recently stated that 8 U.S.C. § 1229b(d)(1) cuts off a petitioner's period of continuous residence at the time he commits a criminal offense, not when he is convicted of that offense. *See Tablie v. Gonzales*, 471 F.3d 60, 61–62, 64 (2d Cir.2006) (petitioner's continuous residence ended in 1984, when he made a false statement on an application for permanent residency, not in 1986, when he was convicted of making false statements to the Immigration and Naturalization Service).

We have considered all of petitioner's arguments and conclude that they are

without merit.[5] For the foregoing reasons, the petition for review is DENIED.

**5.** For example, without discussion and without support, petitioner's counsel suggests that treating the date of an offense rather than subsequent conviction as the end of an alien's continuous residence infringes on a criminal defendant's constitutional right to a presumption of innocence.