**Eon COX, Petitioner,**

v.

**Eric H. HOLDER Jr., U.S. Attorney General,\* Respondent.**

No. 08–5953–ag.

United States Court of Appeals, Second Circuit.

Sept. 24, 2009.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), United States Attorney General Eric H. Holder Jr. is substituted for former Attorney General Michael B. Mukasey as Respondent in this case.

Steven Lyons, New York, NY, for Petitioner.

Tony West, Assistant Attorney General, Carl H. McIntyre, Jr., Assistant Director, Regina Byrd, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN, RALPH K. WINTER, Circuit Judges.

### SUMMARY ORDER

Petitioner Eon Cox, a native and citizen of Guyana, seeks review of the November 6, 2008 order of the BIA affirming the September 21, 2006 decision of Immigration Judge ("IJ") Philip J. Montante, Jr. finding him removable as an aggravated felon and denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Eon Cox*, No. A074 977 350 (B.I.A. Nov. 6, 2008), *aff'g* A074 977 350 (Immig. Ct. Buffalo Sept. 21, 2006).

We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, because Cox was found removable on criminal grounds, our review is limited to constitutional claims and "questions of law." *See* 8 U.S.C. § 1252(a)(2)(C), (D); *Pierre v. Gonzales*, 502 F.3d 109, 113 (2d Cir.2007).

After reviewing Cox's arguments, we conclude that, as to the majority, we are without jurisdiction. Indeed, most of Cox's purported due process arguments are, in fact, challenges to the agency's discretionary decisions, which are not reviewable. 8 U.S.C. § 1252(a)(2)(C), (D); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir.2006) ("regardless of the rhetoric employed in the petition," we lack jurisdiction to consider claims of error as to the IJ's "discretionary choices"). Similarly, the majority of Cox's purported questions of law attack the agency's purely factual determinations. An entirely unsupported assertion that the agency applied the wrong standard is insufficient to invoke our jurisdiction, as it is merely an attempt to challenge the agency's application of the proper standard. *See* 8 U.S.C. § 1252(a)(C); *Gui Yin Liu v. INS*, 508 F.3d 716, 721–22 (2d Cir.2007) (no "question of law" where the agency articulates the correct legal standard, and then applies that same standard); *Barco–Sandoval v. Gonzales*, 516 F.3d 35, 40 (2d Cir. 2008) (although the assertion that a discretionary decision " 'was based on a legally erroneous standard' raises a 'question of law' ... [we lack] jurisdiction to review any legal argument that is so insubstantial and frivolous as to be inadequate to invoke federal-question jurisdiction").

Nonetheless, we retain jurisdiction to consider some of Cox's arguments.

## I.  Constitutional Claims

■ Cox argues that the IJ violated his due process rights by amending the Notice to Appear ("NTA") to include a charge of removability under 8 U.S.C. § 1101(a)(43)(U) based on his conviction for the attempted sale of a controlled substance.  As a preliminary matter, even if that amendment denied Cox the opportunity to contest whether his conviction constituted an aggravated felony under that section, and assuming, *arguendo*, that such error implicates Cox's due process rights, that error was harmless because Cox's prior conviction for a firearms offense independently rendered him removable under 8 U.S.C. § 1227(a)(2)(C)—a determination he has never contested before either the agency or this Court.  Regardless, the unamended NTA explicitly alleged that Cox had been convicted for the attempted sale of a controlled substance.  Nothing about the IJ's amendment to the NTA altered that allegation; rather, the amendment merely specified that Cox was removable for having been convicted of an aggravated felony under both 8 U.S.C. § 1101(a)(43)(B) and (U), because he was convicted of that crime.  *See Reid*, 478 F.3d at 512; *Brown v. Ashcroft*, 360 F.3d 346, 351 (2d Cir.2004); *see also Matovski v. Gonzales*, 492 F.3d 722 (6th Cir.2007) (clarifying that the significance of the charges set forth in the NTA as they relate to determinations of removability is distinct from their relevance with respect to adjudications of applications for discretionary relief).

Moreover, to the extent Cox asserts that the IJ's amendment denied him the opportunity to contest whether his conviction for the attempted sale of a controlled substance rendered him ineligible for asylum under 8 U.S.C. § 1158(b)(2)(B)(i), that argument is unavailing.  Although an NTA must identify with precision a petitioner's basis for removability so as to provide a sufficient opportunity to meet that charge, there is no corresponding requirement that an NTA "must contain an analysis of whether an alien would be eligible for various forms of discretionary relief if deemed removable."  *Reid v. Gonzales*, 478 F.3d 510, 512 (2d Cir.2007).  In other words, even if Cox had not been charged in the NTA as removable based on the aggravated felony drug charge, because he conceded his conviction for that offense, it was a proper basis upon which to find him ineligible for asylum.

## II.  Questions of Law

Although Cox raises two reviewable questions of law, both are without merit.  *See Khan v. Gonzales*, 495 F.3d 31, 35 (2d Cir.2007) ("Our analysis of whether a petition presents reviewable claims focuses on the nature of the claims raised and not the merits of those claims").

■ First, Cox argues that the BIA ignored his attempt to assert a reasonable fear of persecution based on his mother's political support for the PNC.  Although the BIA did observe that, as a general matter, "a child cannot assert persecution based on harm to a parent," (citing *Matter of A–K–*, 24 I. & N. Dec. 275 (BIA 2007)), this proposition is entirely consistent with our precedent, *see, e.g., Tao Jiang v. Gonzales*, 500 F.3d 137, 141 (2d Cir.2007) ("[A]n asylum applicant cannot claim past persecution based solely on harm that was inflicted on a family member on account of that family member's political opinion ..."); *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 308 (2d Cir.2007) ("[T]he statutory scheme unambiguously dictates that applicants can become candidates for asylum relief only based on persecution that they themselves have suffered or must suffer.").  Moreover, the BIA did not ignore Cox's attempt to make an imputed political opinion claim.  *See*

*Chun Gao v. Gonzales,* 424 F.3d 122, 129 (2d Cir.2005) ("[A]n imputed political opinion, whether correctly or incorrectly attributed, can constitute a ground of political persecution within the meaning of the Immigration and Nationality Act."). Rather, the BIA proceeded to assess whether Cox's mother's political activities could be imputed to him so as to give rise to a clear probability of persecution.

Second, Cox asserts that, because he was found credible, the IJ could not require that he submit additional corroborating evidence without explaining why such evidence was necessary in order for him to sustain his burden of proof. This argument is unavailing. Because Cox filed his asylum application after May 11, 2005, the provisions of the REAL ID Act apply to his case, including those pertaining to corroborating evidence. *See Matter of S–B–,* 24 I. & N. Dec. 42, 45 (BIA 2006). Under those provisions, "an IJ, weighing the evidence to determine if the alien has met his burden, may rely on the absence of corroborating evidence adduced by an otherwise credible applicant unless such evidence cannot be reasonably obtained." *Chuilu Liu v. Holder,* 575 F.3d 193, 197 (2d Cir. 2009) (discussing 8 U.S.C. § 1158(b)(1)(B)(ii)).

We have recently made clear that in pre-REAL ID Act cases, while an IJ must identify pieces of missing evidence in making a corroboration finding, the IJ need not do so during the hearing. *See id.,* at 197–99. Rather, because "a factfinder may not be able to decide [the] sufficiency of the evidence until all of the evidence is submitted," an IJ may wait to identify gaps in the evidentiary record until issuing a decision. *Id.* Yet, in *Chuilu Liu* we left unanswered the question of whether there is a notice requirement under 8 U.S.C. § 1158(b)(1)(B)(ii) such that in post-REAL ID Act cases, an IJ must provide an applicant with an opportunity to explain prior

to the issuance of a decision why certain evidence was unavailable, before relying on its absence to deny a claim for relief based on insufficient corroboration. *See id.* at 196–97 (declining to construe 8 U.S.C. § 1158(b)(1)(B)(ii) because that section did not apply). Here, however, we need not resolve that question because the IJ provided Cox with notice of the missing evidence.

■ When Cox was asked during the hearing whether he had any evidence apart from his testimony to support his claim, he responded only that he may be able to provide newspaper articles to corroborate his testimony. Moreover, prior to Cox's testimony, the IJ raised his concern regarding the lack of corroborating evidence with Cox's counsel, who responded that, apart from the documents she attempted to submit at the hearing (which were denied as untimely by the IJ), the only additional evidence she had were affidavits from Cox and his mother. Accordingly, the IJ did not err in relying on Cox's failure to produce evidence corroborating his testimony in denying his application for withholding of removal. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *Chuilu Liu,* 575 F.3d at 197–98 ("[W]e review with substantial deference an IJ's determination that corroborating evidence was reasonably available to the applicant.").

In light of the foregoing, we deny Cox's petition for review to the extent it raises arguments over which we have jurisdiction, and dismiss the remaining portions of the petition for lack of jurisdiction. *See Khan,* 495 F.3d at 37.

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DIS-

MISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).